*325 OPINION.
Lansdon :
Upon facts that are not in dispute the petitioner contends that as a matter of law the disposition of its assets was a reorganization under the provisions of section 112 of the Kevenue Act of *326 1928[1] and was a transaction in which no gain should be recognized. The respondent has determined that the transaction was a sale and that profit realized should be computed under section 113 (b) of the same act. Petitioner raises no question as to the amount of the profit if the transaction was a sale, and through its counsel at the hearing stated that the retained accounts receivable amounted to about $1,200, and that the cash in bank consisted of an overdraft for $1,200.
Some evidence was introduced by deposition and oral testimony for the purpose of showing the intention of the parties. In a controversy of this nature what was actually done is much more important than post facto testimony to show intention not evidenced by the terms of the governing agreements. Minnie C. Brackett, 19 B.T.A. 1154; J. Hampton Hoult, 24 B.T.A. 79. In our opinion the answer to the question here must be determined by study of the two agreements through which the transaction was effected.
It is obvious that at the date thereof none of the parties in interest regarded the transaction as a reorganization. The first agreement is a plain contract to sell for a cash consideration of $750,000 in which the petitioner and Utilities are several times designated as seller and purchaser, respectively. It is in no sense an option as argued by petitioner. It is not in any way conditioned upon the execution or accomplishment of the second agreement and could have been completed in all respects in the absence thereof. The second agreement merely sets up a method through which a part of the cash payment provided in the sales contract could be postponed to suit the convenience of the purchasers. In effect it provided that out of the $750,000 due the petitioner under the sale contract, $400,000 should be advanced to Corporation for stock and bonds which petitioner was obligated to resell at dates and in amounts carefully specified. Even in default of Utilities to perform its obligation to buy, peti- *327 fcioner could take no title to the stock except through proceedings commonly employed to reduce collateral to possession. In our opinion the disposal of the petitioner’s assets to Utilities was a sale for $750,000; the second agreement was no more than a supplementary contract in which petitioner agreed to receive a part of the purchase money in deferred installments. Having reached this conclusion from careful consideration of the facts of record, it is not necessary to discuss petitioner’s allegation and argument that the transaction was a reorganization. The tax on the gain resulting from the sale should be computed under the provisions of section 113 of the Revenue Act of 1928.
Eeviewed by the Board.

Decision will be entered for the respondent.

 SEC. 112. RECOGNITION OF GAIN OR LOSS :
(a) General rule. — upon the sale or exchange of property the entire amount of the gain or loss, determined under section 111, shall he recognized, except as hereinafter provided in this section.

*******

(b) (4) Same — Gain of corporation. — No gain or loss shall be recognized if a corporation a party to a reorganization exchanges property, in pursuance of the plan of reorganization, solely for stock or securities in another corporation a party to the reorganization.

*******

(d) Same — gain of corporation. — If an exchange would be within the provisions of subsection (b) (4) of this section if it were not for the fact that the property received in exchange consists not only of stock or securities permitted by such paragraph to be received without the recognition of gain, but also of other property or money, then — -
(1) If the corporation receiving such other property or money distributes it in pursuance of the plan of reorganization, no gain to the corporation shall be recognized from the exchange, but